The
Chief Justice
delivered the opinion of the court
This action is brought on a bond given by a constable and Ins sureties, conditioned for his faithful performance of the duties of his office. Bonds of this nature are made to the inhabitants of a township in their corporate name and capacity, are filed with the clerk of the township, and the township committee are required, if need be, to prosecute them for and in behalf, and to the use of all and every person or persons whatever, who may have sustained loss by the neglect or misconduct of the constable. Rev. Laws 644, sect. 58.
One of the pleas filed in this case is, “ that this suit is not prosecuted by the township committee of North Brunswick, in the county of Middlesex, against the said defendants, but by one Joseph Marsh in the name of the inhabitants of the township of North Brunswick, in the county of Middlesex, against the said defendants, without right or authority.”
The plaintiffs have moved to set aside or strike out this plea. The defendants insist that the plaintiffs if they would except to She sufficiency in law of the plea, should be put to demur.
The power of the court, in a proper case, to set aside a plea, was rightly conceded by the defendants’ counsel, and has heretofore been recognized in this court. Westervelt v. Merenus, Penn. 693. Anonymous, 2 Halst. 160. Coryell v. Croxall, 2 South. 764. The substance of the present plea is, that the attorney of the plaintiffs had no authority to prosecute this suit, being retained by one Joseph Marsh, and not by the township committee. Such matter is not the proper subject of a plea. No precedent of the kind is any where to be found. If the township committee are dissatisfied, they may apply and have the pro *258 ceedings stayed. And if the defendants properly verify the aliegation that an attorney, is to their vexation, without authority, using the name of the plaintiffs and the process of the court, we shall promptly interfere for their protection. But in both cases, the. proceedings will be summary, by motion and rules. Such "being the regular mode of relief, the defendants are not permit» ted to resort to a plea $ nor are the plaintiffs to be subjected to the delay and expense of a demurrer to dispose of a plea of this nature. In the same manner, if a defendant should plead a set off, which hy our statute is the subject of a notice and not of a plea, the court would set it aside on motion and not require a demurrer.
The counsel of the defendants strongly urged, that to set aside the plea without putting the plaintiffs to demur, is to deprive them of the means of reviewing in a higher tribunal, the decision which may be made on the legal sufficiency of the matters con» tained in the plea. If so, the case falls within a very numerous class which the wisdom and policy of the law require to be disposed of in a summary manner. And although inclined to facilitate, not to discourage, the privilege of review, we are notwithstanding bound to adhere to the established coutse of practice.
Let the plea be set aside.